1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARC A. BECKER,                          NO. CIV. 2:12-1742 WBS EFB

        Plaintiff,

    v.                                   MEMORANDUM AND ORDER RE:
                                         MOTION TO DISMISS

WELLS FARGO BANK, NATIONAL
ASSOCIATION, FEDERAL NATIONAL
MORTGAGE ASSOCIATION, and DOES
1-10,

        Defendants.
_____/

----oo0oo----

      Plaintiff Marc A. Becker filed suit against defendants

Wells Fargo Bank, National Association ("Wells Fargo") and

Federal National Mortgage Association ("FNMA") in state court,

asserting claims arising from defendants' allegedly wrongful

conduct related to a residential loan.  Defendants then removed

the proceeding to this court on the basis of diversity

jurisdiction.  (Docket No. 1.)  Currently before the court is

defendants' motion to dismiss the Complaint in its entirety for

1

failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 6.)

I.   Factual and Procedural Background

Plaintiff purchased the property at 2217 Quarry Way in Rocklin, California ("Quarry Way property") in 2003.  (Notice of Removal Ex. C ("Compl.") ¶¶ 7-8 (Docket No. 1).)  In 2005, plaintiff refinanced the Quarry Way property with the Union Federal Bank of Indianapolis ("UFB").  (Id. ¶ 9.)

Four years later, in 2009, plaintiff alleges that he fell behind on his mortgage payments and sought modification.  (Id. ¶ 10.)  In June 2009, NDEx West, LLC ("NDEx") recorded a Notice of Default.  (Compl. ¶ 11; Defs.' Req. for Judicial Notice ("RJN") Ex. 4 (Docket No. 8).)  That same month, an Assignment of Deed of Trust was recorded that transferred the Deed of Trust from UFB to Wells Fargo.  (Compl. ¶ 12; RJN Ex. 5.)  In July, Wells Fargo recorded a Substitution of Trustee that substituted NDEx as trustee.  (Compl. ¶ 13; RJN Ex. 6.)

A Notice of Trustee's Sale was recorded on September 14, 2009, listing September 30, 2009, as the sale date.  (Compl. ¶ 14; RJN Ex. 7.)  The sale did not occur on the scheduled date, and for the next eighteen months plaintiff allegedly endeavored to obtain a loan modification.  (Id. ¶ 15.)  His request for a modification was ultimately rejected in April of 2011.  (Id.)

According to plaintiff, when Wells Fargo denied him a loan modification, it "agreed to allow Plaintiff to pursue a short sale" of the Quarry Way property.  (Id.)  Plaintiff alleges that he contracted with a short sale buyer and that "Wells Fargo

2

approved the short sale so long as the price was increased" by twenty-eight thousand dollars. (Id. ¶ 16.)

According to plaintiff, although he was able to convince the short sale buyer to agree to the higher price, Wells Fargo did not postpone the foreclosure sale date for his property and the property was sold at a trustee's sale on October 17, 2011. (Compl. ¶¶ 17-18; RJN Ex. 12.) As a result, the short sale did not occur. (Compl. ¶¶ 17-18, 26.)

Plaintiff alleges that there were irregularities regarding the identity of the purchaser at the trustee's sale in that it is not clear if the purchasing "beneficiary" was Wells Fargo or FNMA. (Id. ¶¶ 18-19.) Specifically, plaintiff alleges that no assignment from Wells Fargo to FNMA was recorded. (Id. ¶ 19; but see RJN Ex. 8 (recorded Assignment of Deed of Trust transferring interest from Wells Fargo to FNMA)).

Plaintiff has filed several bankruptcy petitions, the most recent of which is a Chapter 13 petition filed July 8, 2011. (See RJN Exs. 17-21.) Having consulted the electronic docket for that proceeding, it appears to the court that that proceeding is ongoing.

Plaintiff brings claims for (1) declaratory judgment, (2) specific performance, (3) intentional interference with prospective advantage, (4) breach of the implied covenant of good faith and fair dealing, and (5) exemplary damages. (Docket No. 1, Ex. C.) Only the first claim is brought against all defendants; the three remaining claims are brought against Wells Fargo only. Defendants now move to dismiss all claims for failure to state a claim under Rule 12(b)(6). (Docket No. 6.)

3

1

2  II.   Request for Judicial Notice

3          In general, a court may not consider items outside the

4  pleadings when deciding a motion to dismiss, but it may consider

5  items of which it can take judicial notice.  Barron v. Reich, 13

6  F.3d 1370, 1377 (9th Cir. 1994).  A court may take judicial

7  notice of facts "not subject to reasonable dispute" because they

8  are either "(1) generally known within the territorial

9  jurisdiction of the trial court or (2) capable of accurate and

10 ready determination by resort to sources whose accuracy cannot

11 reasonably be questioned."  Fed. R. Evid. 201.  Judicial notice

12 may properly be taken of matters of public record outside the

13 pleadings.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504

14 (9th Cir. 1986).

15         Defendants request that the court judicially notice

16 several recorded documents pertaining to the Quarry Way property.

17 (See RJN Exs. 2, 4-9, 12, 14-16.)  The court will take judicial

18 notice of these documents, since they are matters of public

19 record whose accuracy cannot be questioned.  See Lee v. City of

20 Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

21         Defendants also request that the court judicially

22 notice the Chapter 13 bankruptcy petition filed by plaintiff, as

23 well as several electronic dockets associated with plaintiff's

24 various bankruptcy filings.  (RJN Exs. 17-21.)  As these

25 documents are public records capable of accurate and ready

26 determination, they will be judicially noticed as well.  See

27 Coward v. JP Morgan Chase Bank, Nat'l Ass'n, No. 2:11-3378, 2012

28 WL 2263359, at *3 n.1 (E.D. Cal. June 15, 2012) (judicially

4

1  noticing bankruptcy petition).

2       The remaining documents that defendants submit are
3  items filed in the underlying state court action and in
4  plaintiff's bankruptcy proceedings.  (RJN Exs. 1, 3, 10-11, 13,
5  22-25.)  Judicial notice may properly be taken of proceedings
6  from other cases.  See Bennett v. Medtronic, Inc., 285 F.3d 801,
7  803 n. 2 (9th Cir. 2002) ("[W]e may take notice of proceedings in
8  other courts, both within and without the federal judicial
9  system, if those proceedings have a direct relation to matters at
10 issue.") (quoting U.S. ex rel. Robinson Rancheria Citizens
11 Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992))
12 (internal quotation marks omitted).  The court will grant
13 defendants' request, but the court takes judicial notice of the
14 fact of the proceedings only and not of any facts contained
15 within the documents.  See Lee, 250 F.3d at 690.

16 III. Discussion

17      To survive a motion to dismiss, a plaintiff must plead
18 "only enough facts to state a claim to relief that is plausible
19 on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570
20 (2007).  This "plausibility standard," however, "asks for more
21 than a sheer possibility that a defendant has acted unlawfully,"
22 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a
23 complaint pleads facts that are 'merely consistent with' a
24 defendant's liability, it 'stops short of the line between
25 possibility and plausibility of entitlement to relief.'"  Id.
26 (quoting Twombly, 550 U.S. at 557).  In deciding whether a
27 plaintiff has stated a claim, the court must accept the
28 allegations in the complaint as true and draw all reasonable

1  inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

2  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

3  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

4  (1972).

5      A.   Standing

6          Defendants argue that plaintiff may not independently

7  pursue his causes of action while his bankruptcy petition is

8  pending because the claims in this action are properly considered

9  the property of the bankruptcy estate.  Because plaintiff no

10  longer has possession of claims, defendants reason that he has no

11  standing to bring them.  Instead, any such claims would have to

12  be brought by the bankruptcy trustee.  The case that defendants

13  cite in support of this proposition, Bistabuab v. Liberty Savs.

14  Bank, 52 Cal. App. 4th 1075 (2d Dist. 1997), however, involved a

15  Chapter 7 debtor whereas plaintiff filed for bankruptcy under

16  Chapter 13.

17          Unlike Chapter 7, Chapter 13 grants the debtor

18  possession of the bankruptcy estate's property.  11 U.S.C. §

19  1306(b).  The Seventh Circuit relied on this distinction in

20  holding that Chapter 13 debtors, unlike Chapter 7 debtors, may

21  bring claims in their own name.  Cable v. Ivy Tech State College,

22  200 F.3d 467, 472-74 (7th Cir. 1999); see also Fed. R. Bankr. P.

23  6009 ("[D]ebtor in possession may prosecute or may enter an

24  appearance and defend any pending action or proceeding by or

25  against the debtor, or commence and prosecute any action or

26  proceeding in behalf of the estate before any tribunal."); Kelsey

27  v. Waste Mgmt. of Alameda Cnty., 76 Cal. App. 4th 590, 595 (1st

28  Dist. 1999) (finding that Chapter 13 debtor had standing to bring

claims that were a part of the bankruptcy estate).  Assuming that all of plaintiff's claims are properly considered a part of his bankruptcy estate, as a Chapter 13 debtor plaintiff retains possession of the claims at issue here and thus his Chapter 13 bankruptcy does not deprive him of standing.

B.   <u>Declaratory Relief</u>

In his request for declaratory relief, plaintiff asks the court to declare that the foreclosure sale of the Quarry Way property was invalid.  In his opposition, plaintiff offers three reasons why the sale was defective: (1) NDEx improperly recorded the Notice of Default because it was a "stranger to the transaction," (2) Wells Fargo was not a beneficiary until after the Notice of Default was recorded, and so could not direct NDEx or any one else to record a notice of default, and (3) the foreclosure sale was improper because there is no evidence that the Note was ever assigned to FNMA along with the Deed of Trust. (Pl.'s Opp'n at 6:4-7:3 (Docket No. 9).)

None of these allegations, however, are found in the Complaint.  In the Complaint, plaintiff alleges only that there were defects in the foreclosure sale because there may not have been an Assignment of Deed of Trust transferring interest to FNMA from Wells Fargo.  The publicly recorded Assignment submitted by defendants, (RJN Ex. 8), shows that such an assignment occurred, a fact that plaintiff appears to admit in his opposition.

Even if the court were to consider the new arguments raised in plaintiff's opposition, plaintiff's allegations would still fall short.  Plaintiff's arguments regarding the Notice of Default are unpersuasive because the Notice states that NDEx

7

1  acted as the "original Trustee, duly appointed Substituted
2  Trustee, or acting as Agent for the Trustee or Beneficiary," (RJN
3  Ex. 4), and he does not allege or argue that NDEx was not
4  properly acting as an agent.  With respect to his arguments
5  regarding the separation of the Note and the Deed, the Assignment
6  of Deed of Trust states that it transfers interest in the Deed as
7  well as "the note or notes therein described or referred to."
8  (RJN Ex. 8.)

9       Because the allegations in the Complaint regarding the
10  invalidity of the foreclosure sale are insufficient, the court
11  will grant defendants' motion to dismiss this claim.

12      C.   Specific Performance

13       Plaintiff requests that the court enter a decree
14  ordering Wells Fargo to transfer the Quarry Way property to
15  plaintiff's short sale buyer.  Specific performance is a remedy
16  available on a claim for breach of contract, not a claim in its
17  own right.  Eugene N. Gordon, Inc. v. La-Z-Boy, Inc., No. 2:06-
18  2353, 2007 WL 1101456, at *4 (E.D. Cal. Apr. 12, 2007) (citing
19  Wilkison v. Wiederkehr, 101 Cal. App. 4th 822, 833 (2d Dist.
20  2002); Petersen v. Hartell, 40 Cal. 3d 102, 110 (1985)).  It is a
21  remedy that is only available where there is no adequate remedy
22  at law.  Id.

23       Plaintiff has not brought a breach of contract claim or
24  even plausibly alleged that plaintiff and Wells Fargo entered
25  into a contract to see that the short sale occurred.
26  Accordingly, the court will dismiss plaintiff's claim for
27  specific performance.

28      D.   Intentional Interference with Prospective Advantage

1          Under California law, there are five elements of the
2    tort of intentional interference with prospective economic
3    advantage: "(1) an economic relationship between plaintiff and a
4    third party, with the probability of future economic benefit to
5    the plaintiff; (2) defendant's knowledge of the relationship; (3)
6    an intentional act by the defendant, designed to disrupt the
7    relationship; (4) actual disruption of the relationship; and (5)
8    economic harm to the plaintiff proximately caused by the
9    defendant's wrongful act, including an intentional act by the
10   defendant that is designed to disrupt the relationship between
11   the plaintiff and a third party."  Edwards v. Arthur Andersen
12   LLP, 44 Cal. 4th 937, 944 (2008).  "The plaintiff must also prove
13   that the interference was wrongful, independent of its
14   interfering character," which means that the interference must be
15   proscribed by "'some constitutional, statutory, regulatory,
16   common law, or other determinable legal standard.'"  Id. (citing
17   Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376,
18   392-93 (1995) and quoting Korea Supply Co. v. Lockheed Martin
19   Corp., 29 Cal. 4th 1134, 1153-54 (2003)).

20         Plaintiff's claim is based upon Wells Fargo's alleged
21   interference with the short sale that plaintiff hoped to carry
22   out.  According to plaintiff, Wells Fargo's interfered with his
23   economic relationship with the would-be short sale buyer by
24   failing to postpone the foreclosure sale, a step that plaintiff
25   alleges would have allowed the short sale to occur.  (Compl. ¶¶
26   25-26.)  Even assuming that all the other necessary elements are
27   met, plaintiff's allegations include no suggestion that Wells
28   Fargo's actions violated any law or other determinable legal

1  standard.   Accordingly, the court will grant defendants' motion
2  to dismiss plaintiff's third claim.

3      E.   <u>Breach of the Implied Covenant of Good Faith and Fair</u>
4           <u>Dealing</u>

5           Plaintiff's fourth claim is also based upon Wells
6  Fargo's alleged role in preventing the short sale from occurring.
7  "Every contract imposes upon each party a duty of good faith and
8  fair dealing in its performance and its enforcement."  <u>Marsu,</u>
9  <u>B.V. v. Walt Disney Co.</u>, 185 F.3d 932, 937 (9th Cir. 1999)
10 (quoting <u>Carma Developers, Inc. v. Marathon Dev. Cal., Inc.</u>, 2
11 Cal. 4th 342, 371 (1992)).  "A typical formulation of the burden
12 imposed by the implied covenant of good faith and fair dealing is
13 "that neither party will do anything which will injure the right
14 of the other to receive the benefits of the agreement."  <u>Andrews</u>
15 <u>v. Mobile Aire Estates</u>, 125 Cal. App. 4th 578, 589 (2005)
16 (quoting <u>Gruenberg v. Aetna Ins. Co.</u>, 9 Cal. 3d 566, 573 (1973))
17 (internal quotation marks omitted.

18           It is not entirely clear in what contract plaintiff
19 locates the duty of good faith and fair dealing that Wells Fargo
20 allegedly owed him, but in any case there are no allegations
21 suggesting that under the terms of any contract a short sale was
22 a benefit to which plaintiff was entitled.  In the absence of any
23 such allegation, plaintiff cannot maintain a claim for breach of
24 the implied covenant based on Wells Fargo's alleged role in
25 preventing the short sale.  Accordingly, the court will dismiss
26 this claim.

27           IT IS THEREFORE ORDERED that defendants' motion to
28 dismiss be, and the same hereby is, GRANTED.

1       Plaintiff has twenty days from the date of this Order

2  to file an amended complaint, if he can do so consistent with

3  this Order.

4  DATED:    August 9, 2012

5

6                    WILLIAM B. SHUBB

7                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28