UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARC A. BECKER,<br><br>       Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and DOES 1-10,<br><br>       Defendants.<br>_____/ | NO. CIV. 2:12-1742 WBS EFB<br><br><u>MEMORANDUM AND ORDER RE:</u><br><u>MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiff Marc A. Becker filed suit against defendants Wells Fargo Bank, National Association ("Wells Fargo") and Federal National Mortgage Association ("FNMA") in state court, asserting claims arising from defendants' allegedly wrongful conduct related to a residential loan and foreclosure. Defendants then removed the proceeding to this court on the basis of diversity jurisdiction. (Docket No. 1.) Currently before the court is defendants' motion to dismiss the First Amended

1

Complaint ("FAC") in its entirety for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 16.)

I.   Factual and Procedural Background

The factual and procedural background is set forth in detail in the court's Memorandum and Order addressing plaintiff's Complaint filed August 9, 2012.  (Docket No. 11.)  After this court granted defendants' motion to dismiss the complaint with leave to amend, plaintiff filed his FAC, which dropped his claim for specific performance and added a claim against Wells Fargo for breach of contract.  (Docket No. 12.)  Plaintiff now alleges that he entered into two oral contracts with Wells Fargo: one to postpone the planned foreclosure of the property at 2217 Quarry Way ("Property"), and the other to approve a short sale of the Property for $230,000.  (FAC ¶¶ 15-17, 23.)  He alleges that Wells Fargo breached these contracts when on October 17, 2011, it conducted a Trustee's sale of the Property.  (FAC ¶ 18; see Defs.' Req. for Judicial Notice ("RJN") (Docket No. 8) Ex. 8.)

Plaintiff filed a voluntary Chapter 13 petition on July 8, 2011.  (RJN Ex. 9.)  Plaintiff filed his verified bankruptcy schedules on July 22, 2011, (id. Ex. 11), and an amended bankruptcy plan on October 27, 2011, (id. Ex. 12).  The claims before the court in plaintiff's FAC were not listed as a potential asset in either of these documents, and no other amended schedules or plans were filed, (see id. Ex. 10), before the bankruptcy court confirmed the amended plan on July 7, 2012, (id. Ex. 14.).  Having consulted the electronic docket for the bankruptcy proceeding, it appears to the court that the

2

proceeding is ongoing.

Plaintiff brings claims for (1) declaratory judgment, (2) breach of contract, (3) intentional interference with prospective advantage, (4) breach of the implied covenant of good faith and fair dealing, and (5) exemplary damages. Only the first claim is brought against all defendants; the four remaining claims are brought against Wells Fargo only. Defendants now move to dismiss all claims for failure to state a claim under Rule 12(b)(6).[1]

## II. Request for Judicial Notice

In general, a court may not consider items outside the pleadings when deciding a motion to dismiss, but it may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice may properly be taken of matters of public record outside the pleadings. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Defendants request that the court judicially notice several recorded documents pertaining to the Quarry Way property. (See RJN Exs. 1-8.) The court will take judicial notice of these

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

3

1  documents, since they are matters of public record whose accuracy
2  cannot be questioned.  See Lee v. City of Los Angeles, 250 F.3d
3  668, 689 (9th Cir. 2001).
4       Defendants also request that the court judicially
5  notice the Chapter 13 bankruptcy petition, amended schedules, and
6  bankruptcy plan filed by plaintiff, as well as the electronic
7  dockets associated with that bankruptcy filing.  (RJN Exs. 9-12.)
8  As these documents are public records capable of accurate and
9  ready determination, they will be judicially noticed as well.
10 See Coward v. JP Morgan Chase Bank, Nat'l Ass'n, No. Civ. 2:11-
11 3378 GEB DAD, 2012 WL 2263359, at *3 n.1 (E.D. Cal. June 15,
12 2012) (judicially noticing bankruptcy petition); Runaj v. Wells
13 Fargo Bank, 667 F. Supp. 2d 1199, 1205 n.7 (S.D. Cal. 2009)
14 (judicially noticing bankruptcy schedules); Mgmt. Action
15 Programs, Inc. v. Global Leadership & Mgmt. Res., Inc., No. Civ.
16 04-8405 NM PLAX, 2005 WL 5747582, at *1 n.2 (C.D. Cal. May 18,
17 2005) (judicially noticing bankruptcy plan).
18      The remaining documents that defendants submit are
19 items filed in plaintiff's bankruptcy proceedings.  (RJN Exs. 13-
20 15.)  Judicial notice may properly be taken of proceedings from
21 other cases.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803
22 n. 2 (9th Cir. 2002) ("[W]e may take notice of proceedings in
23 other courts, both within and without the federal judicial
24 system, if those proceedings have a direct relation to matters at
25 issue.") (quoting U.S. ex rel. Robinson Rancheria Citizens
26 Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992))
27 (internal quotation marks omitted).  The court will grant
28 defendants' request, but the court takes judicial notice of the

4

fact of the proceedings only and not of any facts contained within the documents.  See Lee, 250 F.3d at 690.

III. Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

   A.   Judicial Estoppel

At its discretion, a court may invoke judicial estoppel, an equitable doctrine "that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).  The doctrine advances "'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,'" and "'protect[s] against a litigant

playing fast and loose with the courts.'"  Id. (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).

The court considers three factors in determining whether to apply the doctrine of judicial estoppel: (1) whether a party's later position is "clearly inconsistent" with its earlier position, (2) whether the first court accepted the party's earlier position, and (3) whether the party seeking to assert an inconsistent position would receive an unfair advantage if not estopped.  New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).

At the time bankruptcy proceedings commence, the bankruptcy estate includes "all legal or equitable interests of the debtor."  11 U.S.C. § 541(a)(1).  This "includ[es] causes of action belonging to the debtor at the commencement of the bankruptcy case," Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir. 2008) (per curiam), as well as claims that are acquired "after the commencement of the case but before the case is closed, dismissed, or converted," 11 U.S.C. § 1306(a).  As such, the Bankruptcy Code imposes on debtors "a continuing duty to disclose all pending and potential claims."  Kane, 535 F.3d at 384-85; see 11 U.S.C. 521(a)(1); Hamilton, 270 F.3d at 785 ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding.").

A plaintiff who fails to fulfill this duty to inform the bankruptcy court of his claims risks having those claims barred by judicial estoppel.  Hamilton, 270 F.3d at 783 ("In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or

6

1 otherwise mentioned in the debtor's schedules or disclosure
2 statements.")

3 In Hamilton, the Ninth Circuit affirmed the district
4 court's invocation of judicial estoppel to preclude a plaintiff
5 from bringing claims against his insurance company after he
6 failed to list the claims as assets in his Chapter 7 bankruptcy
7 schedule. Id. at 785. The court explained that this failure
8 "deceived the bankruptcy court and [plaintiff's] creditors, who
9 relied on the schedules," id. at 785, and that "the integrity of
10 the bankruptcy system depends on full and honest disclosure by
11 debtors of all their assets," id. at 785 (quoting In re Coastal
12 Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999)) (emphasis
13 removed). Following Hamilton, the court in Balthrope v. Garcia-
14 Mitchell, Civ. No. 2:09-1013 FCD JFM PS, 2010 WL 430840 (E.D.
15 Cal. Feb. 1, 2010), found plaintiff, a debtor in Chapter 13
16 bankruptcy, to be estopped from bringing his claim after omitting
17 it from his bankruptcy filings and neglecting to file an amended
18 schedule after allegedly becoming aware of the cause of action.
19 Id. at *2-3.

20 The facts and events giving rise to plaintiff's claims
21 in the present action allegedly occurred by October 17, 2011,
22 when defendant Wells Fargo conducted a Trustee's sale of the
23 Property. (FAC ¶ 18; RJN Ex. 8.) Plaintiff filed his verified
24 bankruptcy schedules on July 22, 2011, (RJN Ex. 11), and an
25 amended bankruptcy plan on October 27, 2011, (id. Ex. 12). The
26 bankruptcy court confirmed the amended plan on July 7, 2012. (Id.
27 Ex. 14.)

28 By failing to list his potential claims in the

bankruptcy schedules, and now attempting to sue under these same causes of action, plaintiff has adopted a "clearly inconsistent position[]." Hamilton, 270 F.3d at 784. Plaintiff contends that "he did not perceive of the existence of certain claims at the time of filing his Chapter 13 bankruptcy." (Pl.'s Mem. in Opp'n to Mot. to Dismiss at 1:24-2:1.) However, at no time before the bankruptcy court issued its July 7, 2012, order confirming plaintiff's First Amended Chapter 13 Plan did plaintiff amend his schedules to include these claims, despite his duty to do so once he became aware of his claims. (See Docket No. 10.) Plaintiff has not alleged that he was unaware of his claims before the bankruptcy court approved his plan and he has not filed amended schedules, despite bringing this action. Balthrope, 2010 WL 430840, at *3 ("[R]egardless of whether plaintiff amended the petition without including the cause of action or whether he simply failed to amend once aware of the claim, the continuing duty to disclose, which is necessary to the integrity of the bankruptcy system, prevents him from proceeding on" these claims.).

      The second factor also counsels in favor of judicial estoppel. A bankruptcy court accepts a position when it approves the debtor's bankruptcy plan. See id. at *2 ("The bankruptcy court accepted plaintiff's assertion that he did not have any causes of action when it granted an order modifying plaintiff's Chapter 13 plan . . . ."); see also Hamilton, 270 F.3d at 784 (explaining that judicial acceptance does not require discharge of debt, but the court "may 'accept' the debtor's assertions by relying on the debtor's nondisclosure of potential claims in many

8

other ways"); Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992)(confirmation of a plan constituted sufficient acceptance so as to permit judicial estoppel).  The bankruptcy court accepted plaintiff's earlier assertion that he had no claims when it confirmed his amended Chapter 13 plan.  Plaintiff's failure to disclose not only tainted the bankruptcy court's decision to approve the plan, In re Coastal Plains, Inc., 179 F.3d at 208, but a debtor's bankruptcy schedules must also be as accurate as possible because creditors rely on the information provided therein.  Hamilton, 270 F.3d at 785.

        Finally, plaintiff would receive an unfair advantage by pursuing these claims against the defendants after failing to disclose them in his bankruptcy proceedings.  Plaintiff has received the benefit of an automatic stay.  11 U.S.C. § 362(a); see Hamilton, 270 F.3d at 785 (finding unfair advantage where plaintiff enjoyed "the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceedings"); HPG Corp. v. Aurora Loan Servs., LLC, 436 B.R. 569, 578 (E.D. Cal. 2010) (finding it sufficient for the application of judicial estoppel that plaintiffs received the benefit of automatic stays, even though bankruptcy cases were dismissed).  In so doing, he "sought bankruptcy protection while subverting the bankruptcy process by nondisclosure."  Id.  Accordingly, it is appropriate to "invoke judicial estoppel to protect the integrity of the

9

bankruptcy process."[2]  Hamilton, 270 F.3d at 785; see also Ash v. OneWest Bank, FSB, No. Civ. S-09-974 FCD DAD, 2010 WL 2231972, at *3 (E.D. Cal. June 3, 2010) (estopping debtor in Chapter 13 bankruptcy from bringing Truth in Lending Act ("TILA") claim after failing to list TILA claim in bankruptcy schedule); Flores v. GMAC Mortg., No. Civ. 2:09-CV-01216 GEB GGH, 2010 WL 582115, *2-*4 (E.D. Cal. Feb. 11, 2010) (applying judicial estoppel to preclude TILA claim by plaintiff because claim not disclosed in bankruptcy schedules).

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED.

DATED:  October 17, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  The court declines plaintiff's invitation to allow him to substitute the Chapter 13 trustee as plaintiff.  If the trustee chooses to bring an action on behalf of the bankruptcy estate, or to abandon claims back to plaintiff, the trustee may do so in a separate action.  The court expresses no opinion in this order as to whether estoppel would also bar the trustee.

10